JOHN N. DONOHUE v. JOHN D. HARDING, Sheriff.

Where the amount made under a *fieri facias* has been paid by the sheriff to the plaintiff in execution, before notice of the purchase of the claim to the proceeds by a third person at a forced sale, he will not be responsible to the latter.

Notice to a sheriff by a third person, not to pay over money made under an execution to the plaintiff, will not render him liable, if given before the execution came into his hands.

THIS is a case from the District Court for the parish of Carroll, *Tenney*, J., presiding.

*Bemiss*, for the plaintiff and appellant.

*Garrett*, for the defendant.

MARTIN, J. David Melton having obtained judgment against Long, caused a *fieri facias* to issue, under which some property was seized and sold on twelve months' credit, and a twelve months' bond given therefor by Worthington, the purchaser. One Brown recovered a judgment against Melton, had the twelve months' bond seized and sold, and Govey Hood became the purchaser, who assigned or transferred it to John N. Donohue, the plaintiff in this proceeding. Execution issued against Worthington on the bond in the name of Melton, the money was collected, and by the sheriff, who is the present defendant, paid over to the attorney of Melton, the original creditor.

Donohue obtained a rule against Harding, the sheriff, to show cause why he should not pay to him the money arising from the twelve months' bond, which he had improperly paid to the attorney of Melton. The rule was dismissed, and Donohue appealed.

It is first to be observed, that Harding, the sheriff and defendant in this motion, was the successor of the sheriff who had made the sale of Worthington's twelve months' bond to Hood ; further, that Donohue exhibited to Harding, the sheriff; no other evidence of his title to the proceeds of this bond, than an order from Hood directing Harding to pay over the money to Donohue.

This order was presented to the sheriff at a time when he had not in his hands any writ authorizing him to make the money out of Worthington on his bond. He does not appear to have paid any attention to the application of Donohue. After the execution came into his hands, and after he had collected and paid over the proceeds to

Melton's attorney, he received another order from Hood to the same purpose as the first, to which he does not appear to have paid more attention.

It is contended on the part of the appellant, that the appellee was bound to take notice of the proceedings of his predecessor, and thus be considered as having had notice that the title of Melton to the proceeds of the twelve months' bond had been transferred to Hood. That independently of this, he must be presumed to have had notice of this transfer, from the circumstance of the deed which his predecessor had given to Hood, having been duly recorded in the office of the clerk of the court, from which the execution had issued. That Hood's order to pay the money to Donohue ought to have put him on his guard and induced him to inquire into Hood's title, before he paid the proceeds of the bond to the attorney of Melton.

The counsel for the appellee on the contrary has contended, that a new sheriff, on entering into his office, is not bound, and has not the means to ascertain what has been done by his predecessor; that he cannot be expected to take the trouble of examining the records of the clerk's or notary's offices, to discover what deeds may have been given by his predecessor; that when the appellee received the execution, commanding him to make the money and pay it to Melton, he could not disregard his obligation to do so, and follow the directions of a person who exhibited no right of intervening and claiming the proceeds of the execution.

It appears to us the court did not err.

The appellee was not bound to attend to the first notice; for at the time he received it, he had no execution in his hands, and had no knowledge of the claim of Melton or Hood against Worthington: and the appellant did not inform him of the transfer of Hood's claim to him.

The second application from the appellant to the appellee to pay over the money to him on Hood's order, came too late, as he had already paid the money to the attorney of Melton, the plaintiff in the execution.

*Judgment affirmed.*