## J. P. M. Dupre, Administrator, v. F. Uzee, Widow.

A party will not be allowed to do that indirectly which cannot be done directly; and where a person, wishing to evade the prohibition of the law against donations to a concubine, has the title to a slave purchased by him made out as though the purchase had been made by the concubine, her title is no better than if it had been a donation in form.  C. C. 1468.

The concealment of a donation to a person incapable of receiving, under the form of an onerous contract evidenced by a notarial act, is in law a fraud upon the heir; and to establish that fraud, he may contradict the notarial act by parol proof or any other legal evidence.

The rule, that the possession follows the authentic act by which immovables are transferred, is a fiction of law, not applicable to a case where the thing sold remains in the corporeal possession of the seller, who is suffered to act as owner to the injury of a third person.

APPEAL from the Second District Court of New Orleans, *Lea*, J.   J. L. *Tissot*, for the plaintiff contended :  L'Acte de vente de la négresse *Harriet*, consentié par *Hite* à *Anna Sinnet*, est en date de 1838 ; celui de la propriété foncière est de 1841, consentié par *Uzée*.  A cette époque, *Uzée* n'était point marié ; il pouvait vendre sans faire de tort a personne ; il n'avait ni héritiers ni créanciers, car ce n'est qu'en 1843 quil épousa la défenderesse à ce procès.

En supposant, cependant, qu'il eût fait un acte similé, (il ne pouvait en faire un frauduleux, il n'avait point de créanciers) pourrait il aujourd'hui se prévaloir de sa turpitude pour annuler ses œuvres?  *Qui allegans turpitudinem suam non est audiendus*, dit la loi Romaine.

Il ne peut être reçu aucune preuve par témoins contre et outre le contenu aux actes, etc., etc.  Ce n'est que dans l'intérêt des tiers, et parcequ'il leur est toujours impossible, en ce cas, de se procurer une preuve par écrit, que la loi autorise la preuve de la fraude et du dol, etc., par témoins. Rolland de Villargue, vol. 6, p. 494, § 2, No. 9.  C. N. art. 1353.

L'imprudent signataire, ou ses héritiers ou ayant cause doivent rester dans la position où ils se sont placés.

Parol evidence is not admissible between the parties or their representatives to prove a sale evidenced by a notarial act to have been simulated.  A counter letter, or other written evidence equivalent thereto, is the only proof of simulation admissible under such circumstances.  C. C. 2256.  *Dabadie v. Poydras*, 3d Ann. 153.  *Gravier's Curator v. Caraby's Administrator*, 17 L. R. 118.

Celui qui co-opère à la fraude ne peut jamais s'en prévaloir pour faire annuler ensuite le contrat de vente.  Dalloz, Dictionnaire de Jurisprudence, vol. 4, page 640, No. 79.

Le principe, que les personnes capables de s'engager ne peuvent, pour se soustraire à leur engagements, opposer l'incapacité de celles avec lesquelles elles ont contracté, est un principe de droit commun qui régit les engagements souscrits.  Dalloz, Supplément au Dictionnaire de Jurisprudence, vol. 5, page 709, Nos. 317, 321, chap. 1125.

Or donc, si d'après ces principes *Joseph Uzée* n'avait pu attaquer lui même son propre acte, ses héritiers auraient ils plus de droits que lui?  On ne peut transmettre à autrui plus de droits qu'on n'en a soi-même.  C. P. art. 23, 24. 10 L. R. 592.

Mais, dit le juge de district, nous pensons que si *Anna Sinnet* eût été en possession, la cour n'eût pas soutenu les prétentions des héritiers *Uzée*.

Nous ferons observer que toujours *Anna Sinnet* a été en possession de ses propriétés.  Quant à l'esclave *Harriet*, cela ne souffre même pas la discussion. *Joseph Uzée* n'était pas le vendeur.

Relativement à la propriété foncière, malgré l'opinion du juge de district, nous prenons la liberté de citer l'article 2455 du Code Civil :

" La loi considère la tradition ou délivrance des immeubles, comme accompagnant toujours l'acte public qui en transporte la propriété.  Tout obstacle que le vendeur pourrait mettre ensuite à la prise de possession corporelle par l'ache-

teur, serait considéré comme un trouble." Where the vendor and vendee of an immovable reside in the same house, possession follows title. *Wederstand* v. *Marsh*, 11 R. R. 533.

L'administrateur, termine en faisant remarquer à la cour, qu'il a invoqué, devant la Deuxième Cour de District. L'art 1973, C. C. Sur l'action révocatoire ; puis l'art. 3507, C. C. Sur la prescription, qui se lit ainsi : " L'action en nullité, et celle en rescision des contrats, testamens ou autres actes ; celle en réduction de donations inofficieuses ; celle en rescission de partages, etc.; se prescrivent par cinq ans."

*J. J. Michel*, for the defendant, contended : 1st. The facts relied on in the answer are unquestionably established. *Joseph Uzée* bought the slave *Anna* from *Millet*, and lived with her in open concubinage. 2d. That the sale of the lot of ground and the slave *Harriet* were donations made by *Uzée* to his concubine *Anna*. 3d. That *Uzée* remained in possession,.exercising all acts of ownership, up to the time of his death in 1850 : from which facts we respectfully submit : 1st. That the sale from *Uzée* to *Anna*, of 3d of June, 1841, was simulated, and was but a donation in disguise, which is void in law. 2d. That the sale from *Hite* of the slave *Harriet* was in reality made to *Uzée*, and the title was merely placed in the name of *Anna* to cover another donation he was making to his concubine, which act is also void in law.    C. C. 1468, 2456, 1915, 1887, 1888.    17 L. R. 353.    *Thibodeaux* v. *Thomason*.    17 L. R. 381. 2d Ann. 912.

In the record is a bill of exceptions taken by the plaintiff to the ruling of the court below, admitting the evidence of defendant, both documentary and verbal. We respectfully submit to this honorable court that the evidence was properly admitted : 1st. The testimony was introduced to prove the continuous and uninterrupted possession by *Joseph Uzée*, during the lifetime of *Anna* and afterwards, with a view to establish simulation. 2d. The testimony was also introduced to establish the pecuniary incapacity of *Anna* to purchase such property, and the illicit connexion existing between her and *Joseph Uzée* at that time. Such facts can only be proved by verbal testimony, and to reject the evidence would be to frustrate the law.

The judgment of the court was pronounced by

ROST, J. This is a suit by the administrator of *Anna Sinnet*, a free woman of color, with whom the late *Joseph Uzée* lived in open concubinage before his marriage, against the minor heirs of *Uzée* represented by their mother and natural tutrix, to recover from them a house and lot and a female slave, together with rents and profits, on the ground that in 1838 *Anna Sinnet* acquired said slave from *Samuel N. Hite*, for the price of $700 paid by her in cash, and that in 1841 she acquired the house and lot from *Joseph Uzée* for the price of $3500, which he acknowledged in the act of sale to have received.

The answer is, that *Anna Sinnet* lived in open concubinage with *Joseph Uzée* at the time these sales were made, and that they are donations in disguise, prohibited by law, and therefore void. That *Uzée* retained, and *Anna Sinnet* never claimed, the possession of the property after the sales, because they were unreal and simulated. The defendant prays that the acts of sale to *Anna Sinnet* be declared null and void, and that the house and lot and slave claimed be decreed to be the property of her minor children. There was judgment in her favor, and the plaintiff appealed.

The fact of concubinage and the absolute inability of *Anna Sinnet* to pay the price mentioned in the acts of sale to her are clearly proved, and the evidence in the record satisfactorily shows those sales to have been disguised donations.

It is urged that the sale made by *Hite* of the slave *Harriet* was a real contract and constitutes a valid title : but it is proved that *Uzée* himself bought the slave, and that he caused the sale to be passed to his concubine to evade the prohibition of the law. He cannot be permitted to do indirectly what the law forbids him from doing directly, and the sale thus made does not place the concubine in a more favorable position than one made by *Uzée* himself.

The exception taken by the plaintiff's counsel to the admission of evidence to contradict the acts of sale and to show the real parties to it and the inability of the nominal purchaser to pay the price was properly overruled. The concealment of a donation to a person incapable of receiving under the form of an onerous contract is in law a fraud upon the heir, and he may establish that fraud by all kinds of legal evidence. The right of the defendant to plead and to prove it in this suit cannot be doubted. The plaintiff claims the execution of contracts, and she may set up all legal defence against their validity. The rule, that possession follows the authentic act by which immovables are transferred is a fiction of law not applicable to cases like this. *Thibodeaux* v. *Thomason et al.*, 17 L. R. 359.

Art. 1468, C. C., provides that those who have lived together in open concubinage are respectively incapable of making to each other any donation of immovables. This disposition of law is conclusive against the plaintiff. The real defendants in interest being minors, the plea of prescription is clearly untenable.

The judgment is therefore affirmed, with costs.