## No. 9279.

FACTORS & TRADERS' INSURANCE COMPANY vs. NEW HARBOR PROTECTION COMPANY ET ALS.

After judgment and expiration of delay for suspensive appeal, the party cast preserves the right to a devolutive appeal within one year, but all power to prevent the execution of the judgment is lost. Sale under such execution passes valid title.

The party may, therefore, take such steps as the law authorizes to prevent the sacrifice of his property, without thereby acquiescing in the judgment or forfeiting his right of appeal. His acting in the appointment of appraisers, attending and bidding at sale and like conservatory acts, do not constitute acquiescence in the judgment, barring appeal.

Corporations created under the general law of the State, (R. S, 683 *et seq*,) have no power to create a corporation distinct and independent from themselves. The word *persons* found in the law were designed to mean *natural persons* and not juridical persons. Human beings, capable of contracting, alone can create a corporation within the purview of the statute.

| | |
|---|---|
| 37 | 233 |
| 46 | 469 |
| 37 | 233 |
| 49 | 1650 |
| 37 | 233 |
| 50 | 1064 |
| 50 | 1218 |
| 37 | 233 |
| 104 | 458 |
| 37 | 233 |
| 107 | 570 |
| 37 | 233 |
| 116 | 115 |

Where an attempt has been made by corporations to create such corporation and property has been acquired in the name of the concern, the parties in interest unwilling to own it in indivision can have it sold and the proceeds distributed *pro rata.*

APPEAL from the Civil District Court for the Parish of Orleans. *Houston,* J.

*Nicholls & Carroll* for Plaintiffs and Appellees.

*M. M. Cohen* and *T. Gilmore & Sons* for Defendants and Appellants.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

FENNER, J.   The plaintiff and appellee moves to dismiss this devolutive appeal on the ground that the judgment has been partially executed by sale of the boat in conformity with the terms of the judgment; and that the appellants, though present in the parish, did not oppose the execution; but, on the contrary, appeared at the sale and became bidders thereat.

The facts alleged do not appear in the record, nor are they admitted by appellants.   We need not determine what would be our course, if the facts alleged constituted such an acquiescence in the judgment as would defeat the devolutive appeal.

We are of the clear opinion, that taking the allegations as true, they would not affect the devolutive appeal.

After judgment and expiration of delay for suspensive appeal, the party cast preserves the right to appeal devolutively within one year; but all power to oppose or prevent the execution of the judgment is lost.

It is not necessary for the preservation of the right of appeal that the party should make a vain and profitless opposition to the execution, unfounded in law or right, and which could meet no fate but a summary dismissal at his cost.

The sale made under such an execution would be perfectly valid and would convey indefeasible title to the purchaser, regardless of the result of a devolutive appeal.   Therefore, the party who has no power to obviate the sale of his property, has a perfect right to take such steps as may prevent its sacrifice, and, to that end, may appoint appraisers, bid at the sale, and perform like conservatory acts, without thereby acquiescing in the judgment or forfeiting his right of appeal.   McConnell vs. Pasley, O. B. 57, fo. 33; Prentice vs. Chewing, 1 Rob. 70; Jackson vs. Michel, 33 Ann. 723; Alter vs. Pickett, 24 Ann. 573; Yale vs. Howard, id. 458; State ex rel. Hoey vs. Brown, 29 Ann. 862; Johnson vs. Clark, id. 762.

The motion to dismiss is, therefore, denied.

BERMUDEZ, C. J.   The plaintiff company avers that in July, 1875, by its conjoint action with thirteen other similar companies—under the belief that their object could be legally accomplished—a corporation, distinct from themselves was sought to be created by notarial act, under the general law; that it was to be known as the *"New Harbor Protection Company*; that property was acquired in its name, as though it was a legal organization ; that it, the plaintiff, has since discovered its error ; that its liability may be quite different from what was originally supposed; that said corporations could not legally create another corporation ; that the corporation sought to be by them thus created, has no legal existence ; that its charter should be annulled and that the effects standing in its name should be sold, and the proceeds distributed among the parties interested in the concern, in proportion to their respective interest therein.

Citation was asked against the parties claiming to represent said "New Harbor Protection Company," and against the different companies who had coalesced to create such corporation, and judgment was prayed, declaring that said company never had any legal existence as a corporation, an association or a partnership ; that the property standing in its name, belongs to the holders of the certificates of stock issued by it and must be sold, the proceeds to be distributed among them ratably as joint owners of such property.

All the parties against whom citation was asked, save two, made appearance by exception, estoppel and answer, antagonistical of the pretensions of the plaintiff company.

The two companies who did not accept the attitude of defendants, join the plaintiff and ask the court to declare that the notarial act was passed in error and in violation of law ; that the assets of the so-called corporations be sold and its proceeds distributed among those concerned therein.

The exception was to the want of authority on the part of plaintiff, to bring this suit, but it was, in furtherance of some agreement between the parties in open court, abandoned.

The estoppel was that the plaintiff, having in different ways, recognized the existence of the created corporation, was debarred from alleging and urging adversely thereto.

This estoppel was overruled.   Issue having been joined by an answer on the merits, there was judgment for the plaintiff from which the defendants have appealed.

## ON THE ESTOPPEL.

Whatever be the principles and the doctrine on the subject of estoppels, invoked by the defense, they cannot be construed so as to prevent any one from denying the legal consequences which may be claimed as flowing from the admitted state of facts, when it is apparent that no such consequences can legally result from the acknowledged facts; or when one of the parties to an acknowledgment brings an action against all the other parties to have the acknowledgment annulled and set aside on the ground that the same is on its face violative of law and therefore barren of all effect. It has been well said that a capacity which has no legal existence, cannot be considered as admitted. 6 R. 13.

An acknowledgment, however authentic, that title to real estate has been *finally* adjudicated upon by a justice of the peace, could not be set up as an estoppel, because it is legally impossible that such final decision has been legitimately made, as justices of the peace have no jurisdiction over titles to real estate.

A judgment sought to be annulled, cannot be set up as *res judicata* in bar to the suit in nullity of the same.

An acknowledgment that one has sold his right of inheritance in a future succession, cannot be set up as an estoppel, because all contracts of such a nature are expressly forbidden, and can neither confer rights, nor impose obligations.

An acknowledgment can never be invoked to maintain a condition or state of things created in violation of a prohibitory law.

Conceding, therefore, that the plaintiff company, with the other companies, thought they could create another corporation, association or a partnership; that they coalesced to do so, considered and admitted they had done so, it by no means follows that those acts and doings can be set up as an estoppel to the present action to prevent the plaintiff from contesting the legal existence of the New Harbor Protection Company, if from the face of the act, which was instrumental in the formation of the concern, and which is the main foundation of the plea, it appears that the parties to the act could not and did not, therefore, create the organization.

The right of a corporator has been recognized to charge directly that a company which claims to have become incorporated, has never been legally organized as a corporation, and has never existed as such. Abbot on Corp. p. 365, Sec. 100 ; 32 Ill. 79, (1863).

The decision of the plea of estoppel is so closely blended with the merits of the case, that it is impossible to pass upon that defense

without trenching and virtually determining the issues presented in this controversy.

The district court overruled it, we think properly, for the reasons which we will now proceed to assign.

## On the Merits.

Bermudez, C. J.   It is elementary that corporations are the creatures of law, either by special and express legislation, or under general and formal statute authorizing their formation.   In either case, they have only such powers or rights and incur only such obligations, as are conferred or imposed, expressly or impliedly, and as are necessary, and inherent to their existence.

When legally created, they shield from personal liability the persons who compose them and are themselves responsible to the extent of their assets and not beyond the same, unless there has been distinctly stipulated in their charter to the contrary and the scope and measure of the liability has been clearly stated.

Our code defines a corporation to be an intellectual body created by by law, or established by law; which is composed of *individuals,* united under a common name, the members of which succeed each other, so that the body continues always the same, notwithstanding the change of the individuals, and which, for certain purposes, is considered as a natural person.   R. C. C. 427, 432.

The code proceeds to state in what respects they are substituted to persons, and provides that they may enact statutes and regulations; provided, the same be not contrary to the laws of the political society of which they are members.   R. C. C. 433.   It announces emphatically that unauthorized corporations enjoy no public character and cannot appear in court, but in the individual name of all the *members* who compose it and not as a political body, although these corporations may acquire and possess estates and have common interests, as well as other private societies.   R. C. C. 446.

In 1855 the legislature passed a law—No. 131, amended in 1868 (No. 73)—making it lawful for any number of *persons,* not less than *six,* on complying with the terms prescribed by the act, to form themselves into and constitute a corporation for a number of purposes, generally stated, defining their powers.   This act is incorporated in the R. S. under sections 683, et seq.

The question presented in this controversy for solution is simply, whether the "New Harbor Protection Company" is a corporation, associ-

ation or partnership, organized under that general legislation. To solve it, it is necessary to inquire whether the corporations, though represented as they were, at the making of the act of July, 1875, could have legally formed any agreement, the object of which would have been to create an organization, of whatever nature, distinct from themselves, to accomplish the purpose they then had in view, which was to extinguish fires on vessels, to grant aid to wrecks and to aid the fire department in extinguishing fires.

The provisions of the code and of the statute leave no doubt in the mind, that a corporation is a body composed of *individuals* and, when not created by the legislature itself by special legislation, cannot be formed and brought into existence unless by the concurrent action of at least *six persons*.

The words *individuals* and *persons* in those provisions of law must be taken as synonymous and as meaning *natural* and not *artificial* persons; in other words, *human beings*.

It has been held that when the word "persons" is used in legislative acts, natural persons will be deemed as intended, unless something appear in the context to show that it applies to artificial persons. Bouvier Vo. Person (3).

Twenty-five years ago the then Supreme Court of this State was called upon to determine whether a corporation created under the act of 1855, March 14th, p. 182, relative to the organization of corporations for works of public improvement and utility could avail itself of the provisions of the act relative to the voluntary surrender of property, approved March 15, 1855, the first section of which provided: "Any person may make a cession of his property to his creditors."

It was then contended that corporations constitute a class of persons under the provisions of the Louisiana Code of 1825, and the attention of the court was directed to article 431 of that code, in which corporations are designated as *intellectual* persons.

The court tersely said :

"We are of opinion that the term *person*, in the first section of this act of the legislature refers to *natural* persons alone and that it was not the intention of the law-giver to include under that denomination, the artificial or legal person which is the subject of the tenth title of the first Book of the Civil Code."

The court supported that conclusion by a comparison of the act with anterior ones, on the subject of voluntary surrender and a reference to the ruling in the case of the Commissioners of the Exchange Bank, 6

Rob. 398. In that case the court said, that no law existed prior to 1842 which defined the insolvency of a corporation or provided for either its voluntary or forced liquidation.

It therefore follows that, as the parties which appeared in the notarial act of 1875 were corporations, and not natural persons or human beings, capable of contracting, they had no power to create, as they proposed doing, the corporation to be known as the " New Harbor Protection Co.," and that therefore they did not do so.

The companies which appeared at the making of the act, were insurance companies, whose charters did not authorize them to form an association or partnership. As a rule corporations are not capable of forming a partnership. Abbot on Corp. 571, No. 37, and authorities there cited. The purpose of the act, besides, was clearly to create a corporation, and not an association or partnership. Even if they had the power to create an association or partnership, they did not contemplate forming one, and they have not done so.

It has been argued with some earnestness that, even if corporations could in Louisiana create a corporation, the insurance companies which attempted to create " the New Harbor Protection Co." in July 1875, could not have legally done so, for the reason that such creation was not only not among the objects enumerated in their own charter, or in the law then in force, but beyond and in contravention thereof. On this point we express no opinion, as it is unnecessary to do so, the case being decided on a superior ground.

We deem it hardly necessary to suggest that we are not to be considered as holding that corporations which are intellectual beings, cannot act in a number of cases, as can natural persons, with whom they are often assimilated. We simply decide that they cannot create a corporation, under the general law of this State, as found in sec. 683 *et seq.* of the Revised Statutes.

It remains now to determine what disposition can be made of the property acquired in the name of the New Harbor Protection Co., which is nothing but a nondescript organization, composed of the owners of certificates showing the proportion of their respective interest in its asset and liability for its obligations, and who are co-owners or proprietors in common.

As no one is bound to own property in indivision, it follows that such owners who wish a division have a right to have that property sold, and after a liquidation of the affairs of the concern, to have the residue distributed ratably among themselves.

We have read with interest the instructive brief submitted by the learned counsel for defense and his colleagues, in support of the able oral argument made on the trial; but as we deem that the innumerable authorities to which we are referred, derive from sister States governed by different laws and arise under different states of facts, and therefore can receive no application in Louisiana, whose special legislation prevails on the subject of the formation of corporations by persons under general laws, we have dispensed ourselves from the cumbersome and fruitless task of analysing and considering them specially.

We are of opinion that the district judge has correctly decided the issue presented, in favor of plaintiff.

It is therefore ordered and decreed that the judgment appealed from be affirmed with costs.

Rehearing refused.