GLADNEY, Judge.
Plaintiffs, legal heirs of John Wright, Sr., sue to be recognized as sole owners of certain real property in Monroe, Louisiana, acquired by their late father, as described in three instruments of title, and to have the deeds by which the property was conveyed reformed so as to eliminate any interest of defendant, Luello Hammond Joseph, in the lands described therein. The trial court rendered judgment recognizing plaintiffs as sole owners of the property. Defendant appeals.
This case was previously before this Court as an appeal from a judgment of the District Court sustaining an exception of no cause of action filed by Luello Hammond *188 Joseph, erroneously referred to in the petition as Luella Hampton. We held in Jackson et al. v. Hampton, La.App., 134 So.2d 114 (2d Cir. 1961), that plaintiff’s petition stated a cause of action in that it alleged defendant was living with John Wright, Sr. in open concubinage at the time the real property was acquired. Accordingly, the judgment of the lower court was reversed and the case was remanded.
After a trial on the merits, the District Court found that plaintiffs were the legal heirs of John Wright, Sr.; that defendant lived with John Wright, Sr. a number of years without being married to him and that during that time the three lots in dispute were acquired. The Court held defendant had the burden of proving her claims to the property acquired while she lived in concubinage with John Wright, Sr. and that she had failed to make out her case. The court also held defendant was entitled to the amounts she had paid as taxes on the property for the years 1959 and 1960. Judgment was rendered in favor of plaintiffs confirming their title to the lots and in favor of defendant and against plaintiffs for one-half the amount of the 1959 and 1960 taxes. From this judgment defendant appeals.
Counsel for appellant before this Court has abandoned any claim of the defendant to the lot conveyed by deed naming John Wright, Sr. as vendee and mentioning defendant only as his wife. Simply stated, the issue is whether plaintiffs, as heirs of John Wright, Sr., have established their right to be declared the owners of an undivided one-half interest in certain real estate standing of record in the name of defendant who was decedent’s concubine.
Counsel for appellant contends the burden of proof rests upon appellees to prove that defendant did not furnish substantial consideration for the property conveyed by instruments naming her as a vendee. Counsel for appellees contends the deeds evidence an attempted illegal donation from John Wright, Sr. to Luello Hammond Joseph and the burden of proof rests upon the latter to show the contrary.
We may say at the outset the record reveals defendant and John Wright, Sr. were living together in open concubinage during the period the property in dispute was acquired.
Defendant admits the description of the lots and the deeds set forth in plaintiffs’' petition. The relevant deeds may be described as follows: In April, 1944, J. D. Miller executed an instrument conveying a certain lot to John Wright and his wife,. Louella Hampton Wright and describing them as married but once and then to each other. On August 22, 1945, J. D. Miller executed another instrument conveying a lot to John Wright and Louella Wright and describing them as husband and wife. On August 6, 1947, another instrument was executed for the purpose of correcting the description of the lot conveyed in the deed dated August 22, 1945. This latter deed also named John Wright and Louella Wright as vendees.
It is established that concubines, although under certain disabilities, in the interest of good morals, are not prevented from asserting claims arising out of business transactions between themselves, independent of the concubinage. But the claimant must produce strict and conclusive proof before he can be afforded relief. Heatwole v. Stansbury, 212 La. 685, 33 So.2d 196 (1947). In that case the plaintiff claimed ownership of one-half of a homestead savings account accumulated during the concubinage existing between himself and the defendant and standing in the defendant’s name. He was unable to produce positive proof of any amount deposited in the account by him and his suit was dismissed. See also Delamour v. Roger, 7 La.Ann. 152 (1852).
The controlling facts in Succession of Washington, La.App., 140 So.2d 906 (4th Cir. 1962) were quite similar to those in the present case. In that case Frank Wash *189 ington and Viola Melancon lived together in open concubinage a number 'of years. During this time they executed a deed of purchase by which real property was conveyed to Frank Howard Washington and Viola Inez Melancon Washington, who were described in the deed as married but once and then to each other. Frank Washington died intestate some time later and his widow sued to be recognized as owner of an undivided one-half of all the property and entitled to the usufruct of the other half. Counsel for the widow argued that in view of the fact that Viola Melancon and the decedent were living in concubinage it was illegal to include the concubine’s name as a purchaser of the real estate to which they took title jointly, for the reason that such a transaction amounted to a donation by the decedent of real estate in violation of LSA-C.C. Art. 1481. The Court held there was a presumption that Viola Melancon had acquired an undivided one-half interest in the land described in the deed and remanded the case to enable her to have an opportunity to prove how and when, and how much of the consideration, if any, she had paid. The court stated:
“In this case when counsel for the concubine offered and filed in evidence the deed of January 21, 19S3, there arose a presumption that Viola Melan-con acquired an undivided half interest in the land therein described. The portion of each party was not specified and there being two purchasers the presumption is that their interest is equal. But that presumption is rebut-table and oral evidence is admissible to prove what portion of the $400.00 was paid by each purchaser and the manner in which and when it was paid.
******
“The evidence as it stands in this record is not sufficient to rebut the presumption that Viola Melancon paid one-half the purchase price. There is no evidence whatsoever that Frank Washington paid it all or any part of it. The burden of overcoming the rebuttable presumption in favor of Viola Melan-con is on the one attacking the validity of the transaction.”
In regard to the widow’s argument as to the illegality of the transaction because of LSA-C.C. Art. 1481, the Court remarked:
“The suggestion that Viola was given money with which to purchase an interest in the land to defeat the classification of it as a donation is untenable, for the very simple reason that the acquisition of an immovable through an interposed third person is none-the-less invalid nor any the less open to attack than when made by a person to another not legally qualified to receive it as a direct gift. Succession of Deubler, 139 La. 551, 71 So. 846.”
See also: Succession of Davis, La.App., 142 So.2d 481 (2d Cir. 1962); Manning v. Harrell, La.App., 59 So.2d 389 (2d Cir. 1952); Oxford v. Barrow, 43 La.Ann. 863, 9 So. 479 (1891).
The facts in the present case may be distinguished from those in Chambers v. Crawford, La.App., 150 So.2d 61 (2d Cir. 1963), and Sparrow v. Sparrow, 231 La. 966, 93 So.2d 232 (1957). In those cases the deeds conveying the disputed properties did not name the plaintiffs as vendees.
As defendant is named in the deeds as a vendee, there is a presumption that she acquired an undivided one-half interest in the lots in controversy. Plaintiffs bear the burden of proving defendant furnished no substantial consideration therefor.
The two deeds mentioned above describe the price of each of the lots as one dollar and other good and valuable consideration. The record reveals these lots were transferred to John Wright, Sr. and defendant for their services in helping to sell a number of lots for Mr. J. D. Miller.
Plaintiffs introduced evidence showing that John Wright, Sr. arranged for the sale of a number of lots for Mr. Miller; *190 that he worked for a number of years as a hospital orderly, and that he raised several small cotton crops with the help of defendant. The record also reveals, however, that defendant arranged for the sale of some of the lots; that she collected payments and handled the money as John Wright, Sr. could neither read nor write, and that defendant derived some income through her employment as a cook and housemaid during the years they lived .together.
The evidence as produced has not established to a legal certainty the consideration paid for each of the pieces of property in controversy, nor does it show the amounts paid by John Wright, Sr. and defendant. The plaintiffs, therefore, have not borne the burden of proof required of them.
The judgment will be reversed in part and affirmed in part.
It is ordered that there be judgment annulling and setting aside the decree insofar as it fails to recognize defendant, Luello Hammond Joseph or Luella Hampton, as the owner of the following described property, to-wit: An undivided one-half interest in:
“Lot beginning at the NE Corner of Lot 3 of Square ‘E’ of the Lameyville Addition to the City of Monroe, Louisiana and from said point run South ISO feet; thence West SO feet; thence North ISO feet and thence East SO feet;
■“Lot 24 of Square 3 of Miller’s First Addition to the City of Monroe, Louisiana according to Plat and survey of said Addition on file and of record in the Clerk’s Office of Ouachita Parish, Louisiana.”
It is further ordered that the judgment be affirmed with respect to the other property herein involved, and plaintiffs, Bernice Wright Jackson, John Wright, Jr. and Louvenia Wright Henderson be and they are hereby recognized as the owners of:
“Lot A, Section 78, Miller’s Second Addition, North Line 113.35 ft.; West Line 118.41 ft.; parallel with AL & M Railroad, depth 163.92 ft., as more fully appears in Conveyance Book 263, page 691 of the Conveyance Records of Ouachita Parish, Louisiana.”
It is further ordered that the demands of defendant, Luello Hammond Joseph, for reimbursement of taxes paid by her be rejected.
All costs are to be paid by plaintiffs, Bernice Wright Jackson, John Wright, Jr. and Lou venia Wright Henderson.