NOEL B. MARTIN, complainant-respondent,

*v.*

ATLAS ESTATE COMPANY, defendant-appellant.

[Submitted December 11th, 1906.    Decided March 4th, 1907.]

1. Service of a subpœna *ad respondendum* upon a domestic corporation, defendant in a foreclosure suit, by delivering the same, at the registered office of the company in this state, to the vice-president, also a director— *Held* to be service upon the corporation.

2. The Chancery act (*P. L. 1902 p. 511 art. 2 § 5*) providing for the method of service of process for appearance upon the defendant does not mention corporations by name, but inasmuch as the name "person" in a statute includes corporations if they fall within the general reason and design of the act, this section of the Chancery act must be interpreted as warranting such service of process upon a corporation defendant as is equivalent to personal service upon an individual.

3. Service of a subpœna or process for appearance on any officer or agent of a corporation organized under the "Act concerning corporations (Revision of 1896)," whose duty it is, either in his official capacity or by virtue of his employment, to communicate the fact of such service to the governing body of the corporation, is tantamount to personal service in the case of a natural person.

4. Section 43*a* of the "Act concerning corporations (Revision of 1896)" (*P. L. 1898 p. 410*), requiring the public record of an agent "upon whom process against the corporation may be served," does not provide an exclusive method of acquiring jurisdiction over corporations in this state by the service of process for appearance upon an agent or officer, it creates an additional agent of the corporation upon whom process may—not must—be served.

On appeal from an order of the chancellor, advised by Vice-Chancellor Garrison.

*Mr. Adolf L. Engelke,* for the appellant.

*Messrs. Howe & Davis,* for the respondent.

The opinion of the court was delivered by

DILL, J.

This is an appeal from an order of the chancellor refusing to set aside a service of process in a foreclosure suit against a corporation of this state organized under "An act concerning corporations (Revision of 1896)." The order appealed from discharged an order to show cause, made upon the defendant's petition, alleging that the court of chancery did not have jurisdiction, because the process of subpœna had not been served upon the registered statutory agent of the defendant corporation.

The subpœna was served by the sheriff, at the registered office of the corporation, upon Harry B. Brockhurst, vice-president and a director thereof. At that time, Adolf L. Engelke was the registered statutory agent of the defendant for the purpose of receiving process pursuant to the provisions of the "Act concerning corporations (Revision of 1896)." After the service of the subpœna, and before the time to answer had expired, the said Adolf L. Engelke, a counselor-at-law and solicitor in chancery, wrote the solicitors for the complainant that he represented the defendant company in this suit, requesting a copy of the bill of complaint and enclosed a stipulation extending the time for filing an answer, signed "Adolf L. Engelke, solicitor for the defendant."

The president of the defendant company likewise called at the office of the complainant's solicitors before the answer was due, had certain negotiations with them looking to an adjustment of the suit and also requested an extension of the time to answer.

No answer being filed, a decree *pro confesso* was taken, and subsequently a final decree requiring the mortgaged lands to be sold.

After final decree a petition was filed by the said Adolf L. Engelke, as solicitor for the defendant, to set aside the decree upon the ground that the service upon Brockhurst, the vice-president and director, was not service upon the defendant cor-

poration, because Brockhurst was not the registered statutory agent of the company.

The sheriff, who had made a return that he had served a subpœna upon Brockhurst, agent of the company, filed a petition setting forth the method in which the process was served and asking leave to amend his return to the writ of subpœna by striking out the word "agent" after the name "Brockhurst" and inserting in its place the words "vice-president and director."

Leave was accordingly granted to amend the sheriff's return, but the defendant's application to vacate the process was refused.

From the foregoing statement of facts it appears that the defendant is in court by the service of a subpœna upon the vice-president and director, at the registered office of the company in this state.

Appellant's counsel contends that the court of chancery was without jurisdiction because such service was ineffectual. He insists that a writ of subpœna *ad respondendum* must be served "upon the stockholders or the directors or the trustees when convened as a body," citing *Laufman* v. *Hope Manufacturing Co., 54 N. J. Law (25 Vr.) 70* (at *p. 72*), or upon the registered statutory agent of the company, citing *P. L. 1898 p. 410.*

He argued that the Chancery act (*P. L. 1902 p. 511 art. 2 § 5*) deals only with natural persons and not with corporations; that the Practice act (*P. L. 1903 p. 537*) is limited to proceedings in courts of law and is not applicable to the court of chancery, and that consequently section 43a of the "Act concerning corporations" (*P. L. 1898 p. 410*), provides the only method by which the court of chancery can acquire jurisdiction over a domestic corporation by service in this state of a subpœna or process for appearance upon an officer or agent.

This position is untenable.

Without questioning that service "upon the stockholders or the directors or the trustees when convened as a body" would be service upon the corporation, nevertheless, jurisdiction may be acquired by service of a subpœna or process for appearance upon an officer or agent of a corporation defendant.

The Chancery act (*P. L. 1902 p. 511 art. 2 § 5*), providing

for the method of service of process for appearance upon the defendant, does not mention corporations by name, but in the absence of statutory enactment the common law principle applies, that "the name 'person' in a statute includes corporations if they fall within the general reason and design of the act." *United States* v. *Amedy, 11 Wheat. 392.*

Consequently, the section of the Chancery act under review must be interpreted as warranting such service of process upon a corporate defendant as is equivalent to personal service upon an individual.

From which it follows that in the case of a corporation of this state, under the "Act concerning corporations (Revision of 1896)," service of subpœna or process for appearance on any officer or agent of the company whose duty it is, either in his official capacity or by virtue of his employment, to communicate the fact of such service to the governing body of the corporation is tantamount to personal service in the case of a natural person. This is in accord with the reasoning of Justice Dixon, in *Facts Publishing Co.* v. *Felton, 52 N. J. Law (23 Vr.) 161,* and of Justice Depue, in *Dock* v. *Elizabethtown Steam Manufacturing Co., 34 N. J. Law (5 Vr.) 312.*

The service, as made in this case, was in accordance with the provisions of the Chancery act thus interpreted, and was therefore service upon the corporation.

The further contention of the appellant, that section 43*a* of the Corporation act (*P. L. 1898 p. 410*) which provides for the public record of an agent known as the registered agent, "upon whom process against the corporation may be served," precludes service of process upon any other officer or agent, is unsound.

The statute reads "upon whom process against the corporation may"—not must—"be served," and does no more in this respect than to create an additional agent of the corporation upon whom process may be served. *Nickolson* v. *Wheeling, 110 Fed. Rep. 105.*

Under the common law rule, also, the court of chancery acquired jurisdiction over the defendant.

This statute (*P. L. 1898 p. 410*) does not abridge the rule that

"the service of such process within the jurisdiction creating the defendant corporation, made on such head officer of the corporation as secured knowledge of the process to such corporation, is good service on the corporation." *1 Tidd (ed. of 1856) 121; 1 Dan. Ch. Pr. 445; Ang. & A. Corp. (11th ed.) 687; Kansas City, &c., Railroad Co.* v. *Daughtry, 138 U. S. 298.*

But if the rules above stated were not to be applied, still the service should be upheld.

The subpœna was delivered to the vice president, a director, and at the registered office of the company in this state. Before the time to answer expired, knowledge of the process was acquired by the president, who endeavored to negotiate a compromise, and to that end sought an extension of time to answer.

The process also came into the hands of the registered statutory agent, the solicitor of the company, and it is unnecessary, under the circumstances of this case, to inquire by whose hands it was delivered to him.

Eventually, the process was delivered to the solicitor for the company, and he, as such solicitor, and in behalf of the corporation, signed a proposed stipulation, in writing, extending the defendant's time to answer thirty days.

This justifies the conclusion that the corporation, through its executive officers, had all requisite notice of the process and suit, and before the time to answer expired.

There are other grounds which would also lead to an affirmance, but it is unnecessary to discuss them, as the case may be disposed of upon the grounds urged by the appellant.

The order of the court of chancery is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—15.

*For reversal*—None.