NORWICH PHARMACAL COMPANY, Respondent, vs. ABALY, Appellant.

*November 9—November 26, 1907.*

*Justices' courts: Appeals: Jurisdiction: Trial* de novo: *Necessary affidavit: Sufficiency of affidavit by attorney for corporation: Statutes: Construction.*

1. A circuit court on appeal from a judgment for less than fifteen dollars, rendered by a justice of the peace, has no jurisdiction to try the cause *de novo* in the absence of a proper affidavit— secs. 3767, 3768, Stats. (1898),—and failure to object, or even an express stipulation consenting, does not confer jurisdiction precluding the judgment of the circuit court from successful attack on appeal, unless such affidavit was made as required by said sections.

2. Where a corporation appeals from a judgment in an action in justice's court, the affidavit required by secs. 3767, 3768, Stats. (1898), as a prerequisite for a trial *de novo* in the circuit court, made by its attorney, wherein he deposes that he makes it in behalf of the corporation and is authorized so to do, sufficiently asserts corporate authorization, and is sufficient to support a judgment rendered by the circuit court on a trial *de novo.*

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to recover on contract commenced in justice's court. There were formal pleadings, plaintiff seeking to recover $27.50 with interest and costs, and defendant to defeat the plaintiff's claim and recover on a counter demand $27.25. The defendant recovered judgment in the justice's court for $11.66 costs. Plaintiff appealed to the circuit court, the notice of appeal being signed in its behalf by its attorneys. One of such attorneys seasonably made an affidavit on behalf of the plaintiff to secure a new trial in the circuit court. The affidavit was in due form, if the attorney was competent to make the same. It specified that he made the affidavit in behalf of the plaintiff and that he was authorized to do so.

In the appellate court judgment was recovered by the plaintiff for $71.99 damages and costs.

There is no bill of exceptions on the appeal to this court, and it does not appear by anything contained in the judgment roll that any objection was made to a trial *de novo.*

The cause was tried by the court, resulting in findings of fact sufficient on their face to warrant the judgment.

For the appellant there was a brief by *Miner & Elver,* and oral argument by *E. T. Elver.*

For the respondent there was a brief by *Buell & Lucas,* and oral argument by *F. W. Lucas.*

MARSHALL, J. The sole proposition presented for consideration here is that the court had no jurisdiction to try the cause *de novo* for want of a proper affidavit under sec. 3767 and sec. 3768, Stats. (1898), providing that an action carried to the circuit court on plaintiff's appeal from a judgment for less than fifteen dollars shall only be tried *de novo* in the appellate tribunal in case the plaintiff at the time of appealing makes "an affidavit that he has a valid claim, as he verily believes, against the defendant, as set forth in his complaint, exceeding the sum of fifteen dollars."

That there was no jurisdiction to try this case, as was done, and that a failure to object, or even an express stipulation consenting, would not have conferred jurisdiction precluding the judgment from being successfully attacked on appeal, unless the proper affidavit was made, is ruled by *Bullard v. Kuhl,* 54 Wis. 544, 11 N. W. 801, and *Gruetzmacher v. Wanninger,* 113 Wis. 34, 88 N. W. 929, and other cases.

The arguments of counsel take quite a wide range. We do not deem it advisable to follow the same in all particulars or to discuss the points presented at any great length.

Obviously, the law was intended to provide for appeals by corporations as well as by natural persons and contemplated the making of the prescribed affidavit where necessary.

Uniformly it is held that a statute of a general nature of the character of the one under consideration includes corporations though the words "person" and "he" and similar designations, in their literal sense pointing to natural persons only, are used. 6 Thomp. Corp. § 7468. In case of a corporation, as the same authority holds and as must necessarily be the case, the act involved must be done by one representing the party and authorized to do so. Probably it would be presumed that an executive officer or managing agent of a corporation possesses the requisite authority to make the affidavit in question, but it cannot be doubted that one not such an officer or agent may make it, if expressly or impliedly authorized to do so and the instrument specifies that he has authority, as is the case here. The language of the affidavit, "and is authorized by said plaintiff to make said affidavit," sufficiently asserts corporate authorization in the matter.

*By the Court.*—The judgment is affirmed.