This is a suit for specific performance brought by the complainant Martin L. Cohn, the owner of the premises described in the bill of complaint, and his wife, Emma N. Cohn, against William P. Colgan, who by written contract agreed to purchase the premises from complainants. This case is submitted on the pleadings and the proceedings in the foreclosure suit of Morton T. Brewster against North Jersey Aged People's Home Association (hereinafter called the Association), under which complainants' title was derived, and also the files of the secretary of state's office relating to the incorporation of the Association, and also the proof of service upon it in the foreclosure case. The Association was incorporated under an act of April 21st, 1898, entitled "An act to incorporate associations not for pecuniary profit." Comp. Stat. p. 125. Such associations are made bodies corporate with the right to sue and be sued, but without any provision in the act as to how service may be made upon them in any suit in which they may be defendants.
The General Corporations act, entitled "An act concerning corporations (Revision of 1896)," (Comp. Stat. p. 1592 §43a), provides that every domestic corporation (and foreign corporation doing business within this state) shall file in the office of the secretary of state, within a certain time, a report stating, among other things, the location of its registered office and the name of the agent upon whom process against the corporation may be served, and that in case any corporation shall fail to file such report within the time required, or in case the agent of any such corporation designated as the agent upon whom process against the corporation may be served, shall die or resign or remove from the state, or cannot with due diligence be found, it shall be lawful, while such default continues, to serve process against any such corporation upon the secretary of state, and that such service shall be as effective to all intents and purposes as if made upon the president or head officer of such corporation. The subpoena in the foreclosure suit contains an endorsement that it was duly served upon the Association, a corporation defendant, *Page 11 
by giving and delivering to William L. Dill, assistant secretary of state, the secretary of state being absent from his office, a true copy thereof personally at the office of the secretary of state, state house, Trenton, New Jersey, together with a service fee of $3 according to the statute. The reason for this service was that Dr. Bernard Claussen, the registered agent theretofore designated by the Association in its report duly filed in the office of the secretary of state for service of process upon it, died some time prior to the institution of the foreclosure suit, and there having been no one named in his place by the Association, there was no one upon whom process could be served, except the secretary of state in virtue of the statute, if, in fact, the statute applied. And it did.
The provisions of the General Corporations act are not restricted to corporations formed under its provisions, but apply to all corporations so far as they are necessary or convenient, and they are governed by the provisions thereof so far as appropriate. Comp. Stat. p. 1592 § 2.
The defendant insists that the Chancery act provides the only method by which a corporation may be served in a chancery suit, and that not having been pursued in this case, the service on the secretary of state under the Corporations act was void, and that, consequently, the title of the complainant is defective, and that specific performance should not be decreed. The provision of the Chancery act for service upon a corporation is to be found inComp. Stat. p. 412 § 5a, which provides that in a suit in that court against a corporation of this state process served upon the president, vice-president, a director or the designated agent or other officer, shall be good and effective service on the corporation.
It will be observed that the Chancery act does not in terms describe the kind of service just mentioned as exclusive, but simply that it shall be good and effective, and the Corporations act, as already stated, provides that service of the kind made in the foreclosure suit shall be as effective as if made upon the president or head officer of such corporation. These statutes are not mutually exclusive of each other. The canon *Page 12 
of construction as to statutes legislating upon the same subject is, that where both can stand together both shall stand, but where they are so repugnant one to the other that both cannot stand together, the former shall give place to the latter. Section 43a of the Corporations act was passed in 1900 (P.L. p.313), and section 5a of the Chancery act was passed in 1907.P.L. p. 76. If these provisions were so repugnant that both could not stand together, the provision of the Chancery act would be exclusive of the provision of the Corporations act, because the Chancery act is a later enactment than the Corporations act. But there is no conflict between them. In fact, they dovetail into each other.
All consistent statutes which can stand together, though enacted at different times, relating to the same subject, are called statutes in pari materia, and are construed together as one act. Farrell v. State (Supreme Court),54 N.J. Law 421; West Shore Railroad Co. v. State Board of Taxes (SupremeCourt), 92 N.J. Law 332, 335; In re Book (Court of Errors andAppeals), 90 N.J. Eq. 549, 553.
Section 12 of the Chancery act provides a method of acquiring jurisdiction over an absent defendant, or one who cannot upon due inquiry be found in, or who conceals himself within, this state, or if none of the officers or directors of a defendant corporation of this state is resident or can be found therein to be served with process, in which case the chancellor may by order direct such defendant to appear and plead therein within a time to be designated, and section 13 provides the notice to be given by personal service or by publication and mailing. This section is in pari materia with section 43a of the Corporations act, and does not provide any exclusive method of service, but assuming that the Association was within the description in section 12, still resort might properly be had to section 43a of the Corporations act for service.
In Groel v. United Electric Co., 69 N.J. Eq. 397,
Vice-Chancellor Garrison (at p. 415) referring to the statute of this state concerning service on foreign corporations, said that the argument that the act of 1894 was merely intended to *Page 13 
provide a fixed, specified and designated person to be served instead of the class enumerated in the act of 1865, was, in his view, without foundation to support it, and was directly in the face of the history of the subject-matter and of the decisions and legislation with respect thereto; that the courts in cases where similar statutory conditions exist have held that the two statutes co-exist, and that one is not exclusive of the other, citing cases.
In Martin v. Atlas Estate Co., 72 N.J. Eq. 416, the court of errors and appeals held that section 43a of the "Act concerning corporations (Revision of 1896)" (P.L. 1898 p. 410), requiring the public record of an agent "upon whom process against the corporation may be served," does not provide an exclusive method of acquiring jurisdiction over corporations in this state by the service of process for appearance upon an agent or officer, it creates an additional agent of the corporations upon whom process may — not must — be served. This is an authority to the effect that section 5a of the Chancery act does not provide an exclusive method of service but an additional one.
The Corporations act (Comp. Stat. p. 1592 § 87) provides for service upon corporations in personal actions at law, and has no application to the case at bar. But this section, while providing that summons shall be served on the president or other head officer or agent in charge of the corporation's principal office in this state, or left at his dwelling-house, I take it, is not exclusive of the service provided for in section 43a of the Corporations act, but one in addition thereto.
Lastly, the point is made that section 43a of the Corporations act requires service upon the secretary of state, but that in this case the service made upon the assistant secretary was void. There is nothing in this. The act relative to the office of secretary of state (Comp. Stat. p. 4831 § 14) provides for the appointment of an assistant secretary of state, and that he shall, during the absence or inability, through sickness or other cause, of the secretary, have the same powers and perform all the duties which are imposed by law upon the secretary. As one of the duties imposed upon the secretary of *Page 14 
state is the acceptance or receiving of service of process under section 43a of the Corporations act, that duty is, by the statute just mentioned, devolved upon the assistant secretary of state. The secretary of state being absent when the sheriff called at his office, service of subpoena in the foreclosure suit was properly made upon the assistant secretary, who was present.
As this case is clearly with the complainants, the defendant will be decreed to take title to the premises in question, and specifically perform the contract sued on. The complainants are entitled to costs.