This is a motion to quash the service of process on the ground that the defendant, a foreign corporation, was not legally served. The bill in this cause was filed to foreclose a mortgage and for the purposes of this motion a stipulation was signed by the solicitors of the respective parties agreeing that the mortgage, which is the subject of this foreclosure suit, was made and entered into in the State of New Jersey, and that it encumbers lands located in this state, and that the mortgage is recorded in the Monmouth county clerk's office. The defendant John P. Smythe Company, is a corporation *Page 207 
of the State of New York, and owns property in New Jersey which is covered by the mortgage in question.
The affidavit of the complainant filed herein shows that the property, which is the subject of the mortgage sought to be foreclosed, has been mapped and plotted by the defendant company for at least eight months; a development scheme has been arranged by the defendant company; maps have been placed in the hands of various agents with price lists thereon, in the borough of Red Bank, for the sale of lots from this tract of land; streets have been made through the land in question; bids have been advertised for by the defendant company for the laying of sidewalks and graveling of streets, and that a sign has been erected on the premises for many months, advertising the sale of lots on the tract. A photograph of this sign has been submitted. None of the statements in the affidavit of complainant are denied.
Service of the subpoena ad respondendum was made upon John P. Smyth, who resides at Fair Haven, Monmouth county, New Jersey, as the president of the defendant company. The defendant appears specially for the purpose of making the motion to quash.
The defendant claims that the company has not been engaged in business in this state and that it is not authorized to transact business herein. On the other hand, the complainant claims that the defendant is engaged in the business of a real estate developer in this state and points to the facts set out in the above-mentioned affidavit in proof thereof. The solicitor of complainant insists that process was properly served upon the defendant and cites in support of this contention the case ofMoulin v. Insurance Co., 25 N.J. Law 57; National CondensedMilk Co. v. Brandenburg, 40 N.J. Law 111; Apgar v. AltoonaGlass Co., 92 N.J. Eq. 352, and section 88 of the General Corporation act. 2 Comp. Stat. 1653. It is further insisted upon the part of complainant that inasmuch as the mortgage contract in this cause was made within the State of New Jersey, this case comes within the rule of the Moulin Case as interpreted by Mr. Justice Dixon in National Condensed Milk Co.
v. Brandenburg. *Page 208 
The defendant insists that section 88 of the General Corporation act above referred to does not apply to the instant case because this case is an action in rem, and that section 88 applies only to personal actions. Undoubtedly this is so. Cohn
v. Colgan, 97 N.J. Eq. 9. In that case, which was a suit for specific performance of a contract for the sale of land, Chancellor Walker construed section 87 of the General Corporation act as having no application to an action in rem, and as the language of section 88 of the General Corporation act is practically identical with that of section 87, in so far as it describes the class of actions to which it applies, the same rule of construction would apply; and, indeed, this is now admitted by counsel for complainants.
A foreclosure suit is undoubtedly a proceeding in rem.27 Cyc. 1588; 1 R.C.L. 329.
Unless, therefore, the defendant company is actually engaged in doing business within this state, the service of the subpoena in this suit would not be good.
There is nothing before the court to indicate the purposes for which the defendant company was organized, but, for the purpose of this motion, it may safely be assumed that whatever the company has done in this state is not ultra vires, and the undisputed facts, as shown by the stipulation of the attorneys, and the affidavit of complainant, are that the mortgage, which is the subject of this foreclosure suit, was made and entered into in this state; that it encumbers property located herein; that the mortgage is recorded in the Monmouth county clerk's office, and that the defendant company has mapped, plotted, advertised for sale, appointed agents to sell the various lots of the defendant company, and taken steps to improve and develop its property for the purpose of selling it off in lots; in short, the company has done practically everything that any company engaged in the development of real estate would, under like circumstances, do for the purpose of marketing its lands. In my judgment, this company is doing business within this state. When a foreign corporation enters this state for the transaction of business, it submits itself to the jurisdiction, and service may then be *Page 209 
made upon any officer or agent of the company in the same manner as domestic corporations may be served. Norton v. Bridge Co.,51 N.J. Law 442; Doctor v. Desmond, 80 N.J. Eq. 77; CondensedMilk Co. v. Brandenburg, 40 N.J. Law 111.
My conclusion is that service of the subpoena in the instant case was good, and the motion to quash will therefore be denied.