## FARNSWORTH v. LOUISIANA HIGHWAY COMMISSION et al. (JONES & LAUGHLIN, Intervener).[*]

No. 2513.

District Court, W. D. Louisiana, Opelousas Division.

April 27, 1934.

Deutsch & Kerrigan & Burke, of New Orleans, La., for plaintiff.

J. C. Henriques and Rosen, Kammer, Wolff & Farrar, all of New Orleans, La., for exceptors.

Lewis L. Morgan, of Covington, La., and E. R. Stoker, of Baton Rouge, La., for defendant.

DAWKINS, District Judge.

In this case the plaintiff sued the highway commission of Louisiana as the principal in a contract for the construction of certain roadwork in this state, at the same time making the surety upon the plaintiff's bond, Union Indemnity Company of New Orleans, through its receivers, and the Jones & Laughlin Steel Corporation, a furnisher of certain materials, parties, in order that they might assert their rights, all in accordance with a concursus proceeding authorized by the state law.

The defendant highway commission excepted to the jurisdiction on the ground that the plaintiff was not a resident of the state of Mississippi, as he alleged, but a citizen of Louisiana, and hence there was no diversity of citizenship. At the hearing on this plea, evidence was taken as to the citizenship of the plaintiff, and, on the argument, counsel for the commission urged the further point

[*] Judgment affirmed — F.(2d) —.

that the highway commission was not a citizen of the state of Louisiana within the meaning of the federal law vesting jurisdiction in this court between citizens of different states. At the same time, this defendant filed an exception of no right or cause of action.

The matter was argued orally and briefs were subsequently filed. The only point discussed in the briefs is as to whether the defendant highway commission is a citizen of Louisiana within the meaning of the federal statute, or a state agency of such character that the suit is in reality one against the state of Louisiana. Hence this is the only question the court will pass upon at this time.

In support of its contention, the commission cited, among others, the case of State Highway Commission of Wyoming v. Utah Construction Company, 278 U. S. 194, 49 S. Ct. 104, 73 L. Ed. 262, wherein it was held that a similar suit against the highway commission of Wyoming was in reality one against that state. On the other hand, the plaintiff relied upon the fact that the Supreme Court of Louisiana has construed the provisions of the Constitution and statute creating the highway commission of this state, and decided that it is a corporate body, separate and distinct from the state, to such extent that it may sue and be sued apart from the state, and can be represented by counsel other than the Attorney General, notwithstanding a provision of the state Constitution which makes that officer the sole counsel for the state in all legal matters, including lawsuits, where its interests are involved.

The provisions of the statute creating the highway commission in the Wyoming Case were substantially the same as those in the present case, but the Supreme Court of that state had never construed its law to the extent of defining the character or status of its highway commission; hence the Supreme Court of the United States had to make its own construction, and found, in view of all the circumstances, that the commission had no existence or interest in the subject-matter of the litigation apart from the state, and therefore the action was one against it, which prevented a federal court from taking jurisdiction on the ground of diverse citizenship. However, it cited decisions of the Supreme Court of Wyoming in similar matters, to wit: Hjorth Royalty Co. v. Trustees of University of Wyoming, 30 Wyo. 309, 222 P. 9, and Franzen v. Southern Surety Company, 35 Wyo. 15, 246 P. 30, 46 A. L. R. 496, holding that trustees of a state university, etc., were mere state agencies.

In the case of Saint, Attorney General, et al., v. Allen et al., 172 La. 350, 134 So. 246, 247, the Attorney General of Louisiana, in his own behalf and in the name of the state, brought suit against the highway commission of Louisiana, and its members in their official capacity, as well as five attorneys employed by the commission, alleging that the employment of the latter was illegal and seeking an injunction against the commission and its members prohibiting the payment of the salaries of the said attorneys, amounting to $14,-000 a year. The Attorney General alleged that under the Constitution of the state (Const. 1921, art. 7, § 56) it was his mandatory duty to "attend to, and have charge of all legal matters in which the State has an interest, or to which the State is a party," and, if any act of the Legislature purported to provide otherwise, it was unconstitutional. In passing upon the matter, the court, among other things, said:

"The case involves a consideration of Act No. 95 of 1921 (Ex. Sess.) creating the Louisiana highway commission, a consideration of sections 55 and 56 of article 7 of the Constitution of 1921, creating the office of Attorney General, and stating the duties and powers of that official, and Act No. 125 of 1912, as amended by Act No. 221 of 1920.

"The commission was created by Act No. 95 of 1921 (Ex. Sess.) in carrying out the provisions of section 19 of article 6 of the Constitution of 1921, relative to establishing and maintaining a system of hard surface state highways. * * * The first section creates the commission. The third section establishes the domicile of the commission at the state capital, which is Baton Rouge, and also provides that 'the Commission shall be a body corporate and as such may sue and be sued, plead and be impleaded, in any Court of Justice.' The sixteenth section provides that every contract for highway improvement, under the act, must be made in the name of the State of Louisiana, be signed by the state engineer and the other contracting party, and approved by the commission, and that no such contract shall be entered into, nor shall any such work be authorized, which will create a liability on the part of the state in excess of the funds available for expenditure under the terms of the act. Section 18 provides that the cost of all highway and bridge construction, under the act, shall be paid out of the general highway fund, although local aid may be received. This fund, as appears from the thirty-fourth section of the act, consists of all moneys, dedicated to

the construction and maintenance of highways and bridges of the state by the Constitution or the Legislature, and any moneys received from the federal government. In the twentieth section the act provides that the state, acting through the commission, may acquire by purchase, lease, or donation, and may operate gravel beds, shell or rock deposits, and the like."

The opinion then quotes sections 55 and 56 of the state Constitution creating the office of Attorney General and defining his duties and powers. It also quotes section 1 of Act No. 221 of 1920, requiring the Attorney General and district attorneys of the state to be attorneys, "without extra compensation, general or special, * * * for the Police Juries and School Boards * * * and of every State Board or Commission * * * including Levee Boards, Hospital and Asylum Boards, Educational Boards, and all State Boards or Commissions, the members of which, in whole or in part, are elected by the people, or appointed by the Governor or other prescribed authority, except all State Boards and Commissions domiciled at the City of Baton Rouge * * * and all Boards in charge or in control of State institutions; and it shall be unlawful for any Police Jury, School Board, or State Board or Commission to retain or employ for any compensation whatever any attorney * * * except as hereinafter provided, * * * " but the highway commission was not included among the agencies which were excepted in that act as being permitted to have separate counsel. However, the court called attention to the fact that the act of 1920 re-enacted only the first section of Act No. 125 of 1912, and for that reason "reference must be had to the remaining sections of the latter act, in ascertaining the legislative will in regard to the employment of attorneys for boards and commissions."

It was then pointed out that the remaining sections of the act of 1912 provided that, in order to employ counsel for any special matters, it should be done on the joint written approval of the Governor and Attorney General. It was then stated that it became necessary for the court to "interpret sections 55 and 56 of article 7 of the Constitution of 1921." Portions of these sections are next quoted, and the court stated the substance of what the Attorney General is required to do under the Constitution. The opinion then proceeds:

"If the Louisiana highway commission is a distinct legal entity from the state, then

there would seem to be no reason, so far as relates to the Constitution, why the Attorney General and his assistants should be deemed to be the attorneys for the commission, and why other arrangements could not be made, under legislative authority, for the selection of attorneys by the commission.

"The commission, in our opinion, is a distinct legal entity from the state. Section 3 of Act No. 95 of 1921 (Ex. Sess.) makes it a body corporate, with power as such to sue and be sued. It is an agency of the state, and not the state itself, created for the purpose of executing certain duties, devolving primarily upon the state. In a general sense, in its relations to the state, it is not dissimilar to levee districts, which are bodies corporate, created for the purpose of constructing and maintaining levees, which are duties, devolving primarily upon the state. It was held in State v. Standard Oil Co., 164 La. 334, 357, 113 So. 867, and in State v. Tensas Delta Land Co., 126 La. 59, 52 So. 216, that a levee district, though the creature and an agency of the state, had, as long as it was permitted to exist, a separate existence from the state, and that the state could not sue on causes of action accruing to the district. Nor, in a general sense, is the commission dissimilar, in its relations to the state, to the board of commissioners of the port of New Orleans, concerning which it was held that the board, as a body corporate, had a separate existence from the state, and, though an agency thereof, did not enjoy the immunity from the prescription, liberandi causa, enjoyed by the sovereign. Board of Commissioners of Port of New Orleans v. Toyo Kisen Kaisha, 163 La. 865, 113 So. 127. These cases are pertinent here for the purpose of showing that the Louisiana highway commission is a separate legal entity from the state.

"However, it may be said that the ruling, as to the separate existence of the commission, is not well taken here, because the act, creating it, provides that all contracts for highway improvement shall be made in the name of the state, and that the state, acting through the commission, may acquire gravel beds, and the like, by purchase, lease, or donation, and that the state provides the commission with funds with which to discharge the purposes of its creation. Sections 16, 23, 34, Act No. 95 of 1921 (Ex. Sess.). These facts, however, are insufficient to make the commission and the state one and the same. They merely show that the commission is an agency of the state. It does not even follow that, because contracts for highway improve-

ments must be entered into in the name of the state, suits on such contracts should be brought by the state or against it, for the commission, as a body corporate, is given express power to sue and be sued, which shows that such suits (which might be reasonably expected to constitute the greater part of the litigation in which the commission might become involved) should be instituted by the commission, and not by the state.

"Our conclusions therefore are that the Constitution, in defining the duties of the Attorney General and his assistants, confines those duties, by implication, to the state, as a distinct entity from its corporate agencies, and to the duties imposed upon those officials by law, and that the Louisiana highway commission is one of those agencies, and hence the duties and powers of the Attorney General and his assistants do not, by virtue of the Constitution, save as some of those duties may be prescribed by statute, attach to the commission."

While, if I were called upon to decide the matter as an original proposition, I think I would be compelled to hold that the highway commission of Louisiana is a mere agency of the state, intrusted with the exercise of the latter's sovereign powers, and all matters with which it has to deal are those of the state to such extent that the commission cannot be distinguished from it either in the contracts made with respect to those things over which it has jurisdiction or litigation which may arise therefrom, still this court is bound by the interpretation placed upon the Constitution and laws of the state by its court of last resort, and, since that tribunal has held that the status of the highway commission is identical with levee boards, the board of commissioners of the port of New Orleans, etc., and that it "is a distinct legal entity from the state," I am compelled to conclude that it must be recognized as a citizen of Louisiana, within the meaning of the federal law permitting it to be sued as such in this court, and that the action is not one against the state. It is true that the matter decided was only as to the powers and duties of the Attorney General under the Constitution with respect to representing the commission, but, in order to reach the conclusion that he was not the proper legal officer for the state highway commission, it was necessary for the court to find, as it did, that the said highway commission was an entity of the character which the Supreme Court held it to be.

Since the other grounds of citizenship of the plaintiff are not insisted upon, and the

evidence tends to show he is a citizen of Mississippi, the plea will therefore be overruled.

Proper decree should be presented.