24 So.2d 623

**DEPARTMENT OF HIGHWAYS v. LYKES
BROS. S. S. CO., Inc., et al.**

No. 37824.

Dec. 10, 1945.

Arthur B. Hammond and Joseph A. Loret, both of Baton Rouge, for plaintiff-appellant.

Terriberry, Young, Rault & Carroll and Andrew R. Martinez, all of New Orleans, for defendants-appellees.

HAWTHORNE, Justice.

The Department of Highways, created and established by Act No. 4 of 1942, instituted this suit to recover damages caused by a collision of a ship named the "Sea Scamp" with a bridge maintained by plaintiff as a part of the public state highways across the Industrial Canal. Named as defendants in this suit were the Lykes Bros. Steamship Company, Inc., and the American Insurance Company, American Eagle Fire Insurance Company, Continental Insurance Company, Fidelity-Phenix Fire Insurance Company of New York, Firemen's Insurance Company of Newark, New Jersey; Glen Falls Insurance Company, and the Hanover Insurance Company, as insurers of the owners of the vessel against liability for any and all damage to persons or property growing out of the ownership, maintenance, operation, or navigation of said ship.

After the institution of this suit, on motion of plaintiff it was dismissed as of nonsuit insofar as it was against Lykes Bros. Steamship Company, Inc. .

To the petition filed herein, the remaining defendants, the insurers, excepted on the

grounds that it disclosed no cause or right of action. The exception of no cause of action was overruled by the lower court, but the exception of no right of action was sustained and plaintiff's suit dismissed. From this judgment of dismissal, plaintiff, Department of Highways, appealed suspensively and devolutively to this court.

The sole question presented by this appeal is whether the Department of Highways comes within the terms of, and is permitted to sue the insurers direct under the provisions of, Act No. 253 of 1918, as amended by Act No. 55 of 1930, defendants-appellees contending that the right is confined to *natural persons* and is not extended to any other class of persons such as corporations or state agencies, as the Department of Highways.

That portion of the act giving a direct action against the insurer company alone or against both the insured and the insurer company, jointly and in solido, reads as follows: "* * * Provided further that the *injured person or his or her heirs,* at their option, shall have a right of direct action against the insurer company within the terms, and limits of the policy, in the parish where the accident or injury occurred, or in the parish where the assured has his domicile, and said action may be brought either against the insurer company alone or against both the assured and the insurer company, jointly and in solido." (Italics here and elsewhere in this opinion are ours.)

To answer the question raised in this case, it is necessary for us to determine the

meaning of the phrase *"the injured person or his or her heirs"* as used in said act.

The Department of Highways is not a corporation in the true sense. It nevertheless was created by an act of the Legislature and was given the same rights as a corporation, and therefore, for the purposes of this suit, the rules applicable to corporations are applicable to it. Section 8 of the act which created the Department of Highways reads as follows: "The Department of Highways shall have and enjoy *all of the rights, powers and immunities incident to corporations;* and shall have power to acquire, own, administer, alienate and otherwise dispose of all kinds of property, movable and immovable, tangible and intangible, to contract, to adopt, make, alter, have or destroy an official seal; to sue and be sued, implead and be impleaded in any competent court of justice, subject to all applicable laws relative to jurisdiction."

The Revised Civil Code of this state classifies a corporation as a person, for in Article 427 a corporation is considered for certain purposes as a "natural person", and in Article 440 it is stated that corporations are "intellectual persons". These two articles read as follows (Dart's Louisiana Civil Code):

"427 (418). Corporation defined.—A corporation is an intellectual body, created by law, composed of individuals united under a common name, the members of which succeed each other, so that the body continues always the same, notwithstanding the change of the individuals which com-

pose it, and which, for certain purposes, is considered as a *natural person."*

"440 (431). Incapacities.—Corporations being *intellectual persons,* they are subject to various kinds of incapacities, some of which are inherent to their nature, others are established by law."

■ The general rule is that, when the word "person" is used in a statute, the statute applies to corporations as well as to natural persons if such corporations fall within the reason and purpose of the provisions of the act.

1 Thompson on Corporations, 3d Ed., Section 11, page 19, gives the rule as follows: " * * * The general rule is that where a consitution or statute grants a right, requires a duty, or imposes a liability upon any person, citizen or resident, it applies to corporations, as well as to natural persons, if they are within the reason and purpose of the provision."

In 9 Fletcher Cyclopedia Corporations (Perm.Ed., 1931), Section 4248, page 42, the rule is stated to be: "As a general rule, corporations are entitled, to the same extent as a natural person, to remedies provided by statute, though they may not be expressly mentioned in the statute, provided they are within its reason and purpose, since, in such a case, the word 'person' or other general term in the statute is to be construed as including corporations."

We quote this statement on the subject from 13 Am.Jur., "Corporations", Section 9, page 164: "Persons are divided by the law into persons natural and persons artificial.

The term 'person' prima facie, at common law and apart from any statutory enactment limiting its meaning, includes both natural and artificial persons, and therefore as a general rule includes corporations."

The following cases are authority for the general rule that the word "person" in a statute does include corporations unless a reading of the statute shows that corporations do not fall within the purpose and reason of the act: Cary v. Marston, 56 Barb., N.Y., 27; Turnbull v. Prentiss Lumber Co., 55 Mich. 387, 21 N.W. 375; Enterprise Brewing Co. et al. v. Grimes et al., 173 Mass. 252, 53 N.E. 855; Aldrich v. Paine et al., 106 Iowa 461, 76 N.W. 812; Union Pac. Ry. Co. v. De Busk, 12 Colo. 294, 20 P. 752, 3 L.R.A. 350, 13 Am.St.Rep. 221; Cincinnati Gas-Light & Coke Co. v. Avondale, 43 Ohio St. 257, 1 N.E. 527; Norwich Pharmacal Co. v. Abaly, 133 Wis. 530, 113 N.W. 963; Martin v. Atlas Estate Co., 72 N.J.Eq. 416, 65 A. 881, and American Soda Fountain Co. v. Stolzenbach, 75 N.J.L. 721, 68 A. 1078, 16 L.R.A., N.S., 703, 127 Am.St.Rep. 822.

In Martin v. Atlas Estate Co., supra, the contention was made that the Chancery Act of New Jersey applied only to natural persons, and not to corporations. In discussing that contention, the court said [72 N.J.Eq. 416, 65 A. 882]: " * * * The chancery act * * *, providing for the method of service of process for appearance upon the defendant, does not mention corporations by name, but in the absence of statutory enactment the common-law principle applies that 'the name "person" in a statute includes corporations if they fall

within the general reason and design of the act.' "

It has been held that this general rule is applicable to municipalities and counties.

In Metropolitan R. Co. v. District of Columbia, 132 U.S. 1, 10 S.Ct. 19, 23, 33 L.Ed. 231, the statute involved read in part as follows: "All * * * actions sued or brought by any *person or persons* within this province * * * shall be commenced within three years." In that case the lower court sustained a demurrer on the ground that municipal corporations were not embraced within the meaning of the statute. In interpreting this statute, the Supreme Court of the United States said:

" * * * Corporations are 'persons' in the law. There is no apparent reason why they should not be included in the statute. * * *

"Are they not also within the spirit and reason of the law?"

In Calhoun County v. Brandon, 237 Ala. 537, 187 So. 868, 870, the Supreme Court of Alabama said: "It has been declared by this and the United States Courts that a county is included in the statutes of Alabama which refer to the rights of a 'person' or 'persons.' Such has been the construction, unless specifically and duly classified to the contrary." To the same effect, see Lyman County v. State, 9 S.Dak. 413, 69 N.W. 601.

■ In our opinion, the word "person", as used in the statute here under consideration, includes corporations which are within the purpose and reason of the act, and to hold otherwise would be to give the statute a harsh or unjust construction. This court in the case of Gremillion v. Louisiana Public Service Commission et al., 186 La. 295, 172 So. 163, 165, said: "Harsh or unjust construction should be avoided, and, if possible, a statute should be construed so as to apply equally to all similarly situated."

Defendants contend also that "The common definition of the words 'injured person', relates to personal injury and does not include property damage as involved in this case".

Black's Law Dictionary, 3d Ed., defines the word "injury" as "Any wrong or damage done to another, either in his person, rights, reputation, or *property*". It can thus be readily seen that one can be an "injured person" without having suffered personal or bodily injury, contrary to the contention of defendants.

The case of January v. State, 36 Tex.Cr. R. 488, 38 S.W. 179, held that a statute providing that no judge shall sit in any case when the *party injured* may be connected with him by consanguinity, etc., applies to a party injured either as to his person or as to his property.

■ In further support of defendants' contention that the rights conferred by the statute in this case apply only to natural persons, counsel argue that this is plainly shown by the use of the words "injured person" followed by the explanatory words "or his or her heirs", since a corporation or state agency does not have heirs, and that the use of these words clearly shows that

the Legislature was confining the right to natural persons because it considered the injured person as being either masculine or feminine.

In the case of Norwich Pharmacal Co. v. Abaly, 133 Wis. 530, 113 N.W. 963, 964, the Supreme Court of Wisconsin said: "Uniformly it is held that a statute of a general nature of the character of the one under consideration includes corporations though the words 'person' and 'he' and similar designations, in their literal sense pointing to natural persons only, are used."

In the statute which we have here under consideration, the words "or his or her heirs" simply mean that the right given by the act is heritable in the case of a natural person and do not exclude corporations because corporations do not and cannot have heirs.

■ Defendants cite the cases of Walker v. Vicksburg, S. & P. R. Co., 110 La. 718, 34 So. 749; Ketteringham v. Eureka Homestead Soc. et al., 140 La. 176, 72 So. 916, and State ex rel. Arceneaux v. Breaux, 169 La. 394, 125 So. 283, in support of their contention that the courts of this state have consistently held that, when statutes are in derogation of common-law rights, they must be strictly construed and cannot be extended by implication so as to include persons not coming within their terms. Even if we concede that this statute is one in derogation of a common-law right, our holding herein, to the effect that the word "person" includes corporations within the reason and purpose of the act, is not extending the statute by implication to include persons not coming within its terms.

We are unable to find or give any reason why the Legislature, in adopting the act, should have given the right to institute a direct action against the insurer to natural persons only and withheld this right from corporations.

Defendants-appellees further urge that, when the word "person" is used in a legislative act, natural persons are contemplated unless the act by its clear terms shows a contrary intention, and in support of this contention they cite the case of Factors' & Traders' Ins. Co. v. New Harbor Protection Co., 37 La.Ann. 233.

In that case the court was interpreting Act No. 73 of 1868, incorporated in the Revised Statutes of 1870 as Section 683 et seq., which act made it lawful for any number of *persons*, not less than six, on complying with the terms prescribed by the act, to form themselves into, and constitute, a corporation for the purposes stated therein. We are of the opinion that that case does not support defendants' contention, but simply holds that a corporation is not a person, and not considered as a person, for the purposes of forming a corporation under the provisions of the act, and that it was not in the intention of the Legislature that said word be so interpreted in that act. This is borne out by the fact that the Legislature, in adopting Act No. 267 of 1914, which repealed Section 683 et seq. of the Revised Statutes of 1870, also being an act prescribing the manner in which corporations may be organized, specifically stated that three

or more "natural persons" may unite to form a stock corporation.

It is clear to us that that case does not depart from, and is not in conflict with, the general rule to the effect that, when the word "person" is used in a statute, such word applies to corporations as well as to natural persons, if such corporations are within the reason and purpose of the act. In that case the court stated: "We deem it hardly necessary to suggest that we are not to be considered as holding that corporations which are intellectual beings, cannot act in a number of cases, as can natural persons, with whom they are often assimilated. We simply decide that they cannot create a corporation, under the general law of this State, as found in sec. 683 et seq. of the Revised Statutes."

■ In brief appellees urge this court to consider the exception of no cause of action which was filed in, and overruled by, the court below. This exception is not before us at this time, as a judgment of the lower court overruling such an exception comes properly before this court only upon appeal after a trial of the case on its merits.

For the reasons hereinabove assigned, it is ordered that the judgment appealed from, dismissing plaintiff's suit on the exception of no right of action, be reversed, and it is now ordered that said exception be overruled and that this case be remanded to the lower court to be proceeded with according to law; defendants-appellees to pay all costs of this appeal, all other costs to await the final outcome of this suit.