### DEPARTMENT OF HIGHWAYS v. Mc-WILLIAMS DREDGING CO. et al.

### Civ. A. No. 2218.

United States District Court
W. D. Louisiana, Lake Charles Division.

March 16, 1949.

Arthur B. Hammond, D. Ross Banister and Joseph A. Loret, all of Baton Rouge, La., for plaintiff.

Deutsch, Kerrigan & Stiles, of New Orleans, La., for defendants.

DAWKINS, Chief Judge.

This suit was removed from a state court on the grounds both of diversity of citizenship and the claim that interpretation of a Federal law was involved. It is an action in tort for alleged damages to a highway bridge across the Calcasieu River near Lake Charles, Louisiana.

Plaintiff has moved to remand the case to the state court for the reasons that (1) it is an agency of the state created by Act No. 4 of the Louisiana Legislature for the year 1942, and not a corporate entity of the kind necessary to support jurisdiction for diversity of citizenship; and (2) denial that construction of a Federal statute is involved.

If the first ground for remanding is not well taken it will not be necessary to consider the second.

Plaintiff concedes that, in the case of Farnsworth v. Louisiana Highway Commission, 8 F.Supp. 11, this court held that, in the light of Saint v. Allen, 172 La. 350, 134 So. 246, the predecessor of plaintiff was a corporation subject to suit in the Federal Court by a citizen of another state, and that its ruling was affirmed by the Court of Appeals for this circuit. However, it is contended that said Act No. 4 of 1942 took away those characteristics and left the plaintiff, The Department of Highways, as merely an arm or agency of the state, to the end that the action against it is, in effect, one against the state itself, which, of course, does not fall within the category of a citizen suable in the Federal Courts by citizens of other states.

Counsel for defendant has answered the latter contention also, taking the position that plaintiff was the successor to the former Highway Commission, with powers and standing in litigation co-extensive with those found in the Farnsworth case.

Plaintiff's counsel has submitted a very able and elaborate brief in support of the general principles for which it contends, and which, but for the decision of the State Supreme Court in Saint v. Allen, supra, would have been applied in the Farnsworth case both by this court and the Court of Appeals. 5 Cir., 74 F.2d 910. Counsel say that the Legislature, in 1942, when adopting the

present law, knew of the rulings in the said decisions by the State Supreme Court, this Court and the Fifth Circuit Court of Appeals and "evidently * * * did not want the new agency it was about to create to be a corporation or to be separate and distinct from the State as was the Louisiana Highway Commission * * *", and "the device used in Act 70 of 1896", which created the Board of Commissioners of the Port of New Orleans was followed. They cite Department of Highways v. Lykes Bros. S. S. Co., Inc. et al., 209 La. 381, 24 So.2d 623, 624. All that was decided was that the plaintiff who was the same as in the present case, was a person, within the meaning of another statute, Act No. 55 of 1930, entitled to maintain an action in damages growing out of a collision with another bridge of the State. In beginning the discussion of the matter the Court used the expression that, "The Department of Highways is not a corporation in the true sense", but proceeded to say, "It nevertheless was created by an Act of the Legislature and was given the same rights as a corporation, and therefore, for the purposes of this suit, the rules applicable to corporations are applicable to it." Section 8 of Act No. 4 of 1942, the present statute, was quoted that:

It should "enjoy all the rights, powers and immunities incident to corporations; and shall have power to acquire, own, administer, alienate and otherwise dispose of all kinds of property, movable and immovable, tangible and intangible, to contract, to adopt, make, alter, have or destroy an official seal; *to sue and be sued, and plead and be impleaded in any competent court of justice, subject to all applicable laws relative to jurisdiction."* (Emphasis by the writer.)

The decision by the lower court holding that the State Department of Highways had no right of action, was reversed, and the Supreme Court stated the sole issue was as to whether plaintiff was "a person" entitled to avail itself of said Act No. 55 of 1930, to sue the insurer of the Steamship Company alleged to have caused the damage to the bridge. Nothing appears therein to affect the former ruling in Saint v. Allen, supra, but rather it is another recognition of the right of this department to sue and be sued,

independently of the state. On the other hand, too, the Act of 1942, in which the name was changed, Section 4, declares specifically that the Department of Highways shall "be the *legal successor* of the late Louisiana Highway Commission and the *legal successor* of the Department of Highways provided for by Act 47 of 1940, and the said Louisiana Highway Commission is hereby declared to be no longer in existence, and the Department of Highways, provided by Act 47 of 1940 is hereby abolished."

Hence, there was no attempt to create a new or distinct entity from the old one; and the conclusion is therefore that there has been no change, either statutory or by decision, affecting what was held in Saint v. Allen and Farnsworth v. Louisiana Highway Commission, supra.

Since the amount involved is some $12,-000 and the foregoing conclusion sustains jurisdiction on the basis of diversity of citizenship, it becomes unnecessary to decide at this time the issue of whether the interpretation of a Federal statute is raised.

The motion to remand will be denied.

Proper decree should be presented.