Dear Mr. Dendy:
On behalf of the Jefferson Parish Home Mortgage Authority, you have requested the opinion of this office regarding the scope of La. R.S. 9:2347(K), relative to services rendered by financial advisors to Public Trusts, which states:
 "The trustee or trustees may employ a financial advisor to furnish services in preparing any bond issues for the issuance and may contract for the payment of his services provided however, no continuing fee arrangement with a financial advisor shall exist after the delivery of any bonds and all bond issues upon which the financial advisor provides services shall be sold only at an advertised public sale. All financial advisors fees and any underwriters discount must be approved in writing by the State Bond Commission and the attorney general's office. Any attorneys fees in connection with the financing and the acquisition or construction of the project to be financed shall be subject to approval of the attorney general. Whoever violates this Subsection shall be subject to the imposition of the penalties provided in R.S. 42:264.
Before responding to your request, we note the following rules of statutory construction:
 Words and phrases shall be read with their context and shall be construed according to common and approved usage of language. R.S. 1:3. In determining legislative intent as expressed in a particular statute, all of the component parts of the statute must be considered together. Washington Parish Police Jury v. Washington Parish Hospital Service District No. 1, 152 So.2d 362 (La.App. 1st Cir. 1963), writ ref., 156 So.2d 883. A harsh or unjust construction of a statute should be avoided, and if possible a statute should be construed to apply equally to all similarly situated. Department of Highways v. Lykes Bros. S.S. Co., 24 So.2d 623
(La. 1946).
The Authority has asked that we address the following issues:
 1. Is the "advertised public sale" requirement contained in R.S. 9:2347(K) met by the provisions of 9:2347(H), which requires that all bonds issued by Public Trusts be sold at a public sale, with advertisement, conducted by the State Bond Commission?
It is the opinion of this office that the "advertised public sale" requirement of R.S 9:2347(K) is met when the bonds are sold by the State Bond Commission and all advertisements required by R.S. 9:2347(H) are made. R.S. 9:2347(H) requires notice of sale to be published at least seven days prior to the sale in the Parish of the beneficiary's situs, or if the beneficiary is the state or a state agency, then in the official state journal and in a financial journal or newspaper containing a section devoted to municipal bond news published in either New Orleans or New York City. R.S. 9:2347(H) also requires publication of the resolution or proceedings authorizing the sale of bonds after same has been adopted. Furthermore, "any person or persons in interest" are given an opportunity to contest the legality of the notice of sale, the authorization of the issuance of the bonds, and the legality of the bond issue for any cause.
 2. Does hiring a financial advisor for the limited purpose of assisting the Authority in reviewing underwriter's proposals (which may or may not lead to the issuance of bonds) constitute a violation of R.S. 9:2347(K)?
It is the opinion of this office that the hiring of a financial advisor for the purpose of reviewing underwriter's proposals does not constitute a violation of R.S. 9:2347(K). That provision only prohibits a continuing fee arrangement with a financial advisor after the issuance of bonds, when the sole basis for the advisor's fee is service rendered by the advisor in connection with a particular bond issue. In our opinion, this provision does not prohibit a public trust from hiring a financial advisor to perform services other than those required in connection with a particular bond issue.
 3. If R.S. 9:2347(K) is otherwise violated by the retention of a financial advisor in connection with a new issuance of bonds, is it also violated by the retention of a financial advisor in connection with the consideration of the refinancing of existing bonds?
For the reasons stated in our response to issue 2, it is our opinion that a public trust can retain a financial advisor to advise the trust in its consideration of the benefits (or lack thereof) of the refinance of existing bonds.
 4. Must the fee of an investment advisor, retained not for a specific bond issue but to evaluate underwriter's proposals generally, receive the approval of the Attorney General and/or the State Bond Commission?
R.S. 9:2347(K) states, in pertinent part: "All financial advisors fees and any underwriters discount must be approved in writing by the State Bond Commission and the attorney general's office". (emphasis supplied) It is our opinion that the fees payable to a financial advisor who is retained to evaluate underwriter's proposals generally must be approved by the State Bond Commission and this office.
I trust this adequately responds to your request. Should the Authority need further assistance, please do not hesitate to contact this office.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 0131n